NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
29649
29-JUN-2012
02:58 PM

NO. 29649


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DANIEL K. KANAHELE, WARREN S. BLUM, LISA BUCHANAN, JAMES L. CONNIFF, and CAMBRIA MOSS, Plaintiffs-Appellants, v. MAUI COUNTY COUNCIL and COUNTY OF MAUI, Defendants-Appellees, and HONUAʻULA PARTNERS LLC, Defendant-Intervenor-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(Civil No. 08-1-0115(3))


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J. and Fujise, J.,
with Ginoza, J., concurring separately)

In an action arising from allegations that the Maui County Council (MCC) violated Hawaiʻi's Sunshine Law, Plaintiffs-Appellants Daniel K. Kanahele, Warren S. Blum, Lisa Buchanan, James L. Conniff, and Cambria Moss (Appellants) appeal from the January 22, 2009 Judgment entered by the Circuit Court of the Second Circuit (circuit court)[1] in favor of Defendant-Appellees MCC, the County of Maui, and Defendant-Intervenor/Appellee Honuaʻula Partners LLC.

Appellants filed a complaint alleging violations of Hawaii Revised Statutes (HRS) Chapter 92, which includes Hawaiʻi's Sunshine Law.  Appellants sought summary judgment against the MCC and the County of Maui voiding actions taken at

[1]   The Honorable Joseph E. Cardoza presided.

the November 29, 2007 and February 8, 2008 meetings of the Land Use Committee of the MCC (LUC) and the MCC, respectively, concerning a project referred to as the Honoaʻula/Wailea 670 Residential Development (Project).

Appellants allege that the circuit court erred in determining that the MCC's actions were legal. Specifically, Appellants present the following four points[2] of error:

1.  The trial court erred in concluding that the Land Use Committee (LUC) of the MCC did not violate HRS Chapter 92, Part I when it recessed and reconvened its October 18, 2007 meeting twelve times without additional notice and opportunity to testify.

2.  The trial court erred in concluding that the County Council did not violate HRS Chapter 92, Part I when it twice recessed and reconvened its February 8, 2008 meeting without providing additional notice and opportunity to testify.

3.  The trial court erred in concluding that the circulation of memoranda among County Council members outside of a duly noticed meeting did not violate HRS Chapter 92, Part I.

4.  The trial court erred in concluding that votes to reconsider and the reconsideration of matters at County Council meetings did not violate HRS Chapter 92, Part I.

Appellate courts review conclusions of law de novo. See Metcalf v. Voluntary Employees' Ben. Ass'n of Hawaii, 99 Hawaiʻi 53, 57, 52 P.3d 823, 827 (2002). A conclusion of law supported by the trial court's factual findings and applying the

---

[2]    All of Appellants' points of error are in violation of Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(4) insofar as they do not quote the challenged conclusions of law nor do they provide record references documenting where these alleged errors occurred and were objected to or otherwise brought to the attention of the circuit court. Thus, these points could be disregarded by this court. Id. However, as the appellate courts of this jurisdiction have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible," Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (internal quotations marks omitted), we will address Appellants' appeal on the merits.

Counsel is warned that future violations may result in sanctions.

correct rule of law will not be overturned. <u>Nani Koolau Co. v. K & M Const., Inc.</u>, 5 Haw. App. 137, 141, 681 P.2d 580, 585 (1984).

Appellants' first and second points of error allege that the lower court incorrectly concluded that the recessing and reconvening of the October 18, 2007 LUC meeting and the February 8, 2008 MCC meeting comported with Sunshine Law requirements. They argue that the LUC and MCC violated HRS § 92-7[3] by failing to post new agendas for the twelve continuations of the October 18, 2007 LUC meeting and the two continuations of the February 8, 2008 MCC meeting. Additionally, Appellants argue that the LUC and MCC violated HRS § 92-3,[4] which requires boards to "afford all interested persons an opportunity to present oral testimony on any agenda item," by not allowing public oral

---

[3] HRS § 92-7 provides, in relevant part:

**§ 92-7 Notice.** (a) The board shall give written public notice of any regular, special, or rescheduled meeting, or any executive meeting when anticipated in advance. The notice shall include an agenda which lists all of the items to be considered at the forthcoming meeting, the date, time, and place of the meeting, and in the case of an executive meeting the purpose shall be stated.

. . . .

(d) No board shall change the agenda, once filed, by adding items thereto without a two-thirds recorded vote of all members to which the board is entitled; provided that no item shall be added to the agenda if it is of reasonably major importance and action thereon by the board will affect a significant number of persons. Items of reasonably major importance not decided at a scheduled meeting shall be considered only at a meeting continued to a reasonable day and time.

[4] HRS § 92-3 provides, in relevant part:

**§92-3 Open meetings.** Every meeting of all boards shall be open to the public and all persons shall be permitted to attend any meeting unless otherwise provided in the constitution or as closed pursuant to sections 92-4 and 92-5[.] . . . The boards shall afford all interested persons an opportunity to submit data, views, or arguments, in writing, on any agenda item. The boards shall also afford all interested persons an opportunity to present oral testimony on any agenda item. The boards may provide for reasonable administration of oral testimony by rule.

testimony in each of the continued sessions of the October 18, 2007 LUC meeting and February 8, 2008 MCC meeting.[5]

It is undisputed that valid notices of the October 18, 2007 LUC meeting and February 8, 2008 MCC meeting were posted. Thus, these arguments -- that the agenda and testimony requirements of HRS ch. 92, Part I were violated -- rest on Appellants' contention that the recessed LUC and MCC meetings did not constitute proper continuations under the Sunshine Law. Specifically, Appellants claim that a meeting may only be continued once beyond the agenda date of the original meeting. Because the LUC and MCC meetings each involved more than one continuation, Appellants contend they were invalid as continuations and were thus subject to the requirements for new meetings, i.e., requiring the acceptance of additional testimony and the posting of a new agenda.

HRS § 92-7(d) specifically allows for the continuation of meetings by a public "board."[6]  It states that agenda items of

---

[5]     While it is true that the LUC and MCC at some point "closed" the taking of testimony during their respective proceedings, the circuit court found that both the LUC and the MCC heard testimony at the first session of the meeting commenced by the LUC on October 18, 2007, and by the MCC on February 8, 2008, both the LUC and MCC closed testimony only after all persons who had signed up had presented their testimony, there was no evidence that the LUC or MCC refused to accept written testimony at any time during the continued proceedings, and "each of the Plaintiffs had the opportunity to submit written testimony or emails regarding the subject matter of the meeting, or as to any matter raised in deliberations at the reconvened meetings." Moreover, some of the Plaintiffs did submit emails to the LUC, the MCC or both.  The circuit court's findings are not challenged on appeal.

[6]     For purposes of Hawai'i's Sunshine Law, HRS § 92-2 provides the following definitions of "board" and "meeting":

> (1) "Board" means any agency, board, commission, authority, or committee of the State or its political subdivisions which is created by constitution, statute, rule, or executive order, to have supervision, control, jurisdiction or advisory power over specific matters and which is required to conduct meetings and to take official actions.
>
> . . . .
>
> (3) "Meeting" means the convening of a board for which a quorum is required in order to make a decision or to deliberate toward a decision upon a matter over which the board has supervision, control, jurisdiction, or advisory power.

"reasonably major importance not decided at a scheduled meeting shall be considered only at a meeting continued to a reasonable time and day." HRS § 92-7(d). Appellants' argument that this language limits boards to one continuance is not supported by authority. See HRS § 1-17 (explaining that "singular or plural number signify both the singular and plural") and Nobriga v. Raybestos-Manhattan, Inc., 67 Haw. 157, 163, 683 P.2d 389, 394 (1984) ("The use of words in a statute signifying the singular is . . . not conclusive.").

Even assuming arguendo, some ambiguity in this language, legislative history does not support Appellants' position. The House Standing Committee on Judiciary expressly rejected a proposal to prevent a continued hearing on important matters after considering the possibility of situations where a board would be unable to complete a meeting in a single day.[7] See H. Stand. Comm. Rep. No. 889, in 1985 House Journal, at 1424-25. The circuit court did not err in concluding the continued meetings did not violate Hawai'i's Sunshine Law.

As their third point of error, Appellants allege the circuit court erred in finding that the distribution of memoranda authored by individual MCC members to other MCC members regarding proposed amendments to, and reconsideration of, portions of the bills pertaining to the Project did not violate Hawai'i's Sunshine Law. Individual MCC members sent memoranda, which set forth proposed amendments or motions related to the Project bills, during the pendency of the February 8, 2008 MCC meeting,

---

[7] The committee wrote:

> Your committee further believes that it is unreasonable to require that items of "reasonably major importance" must be acted upon at a meeting. There are situations that arise which require a meeting to be continued such as when additional information is required, many people wish to testify on an agenda item, a board lacks a majority vote on a decision and it would be better to recess and consider the matter at a later date, or an unresolved item could delay ending [] a meeting."

H. Stand. Comm. Rep. No. 889, in 1985 House Journal, at 1425.

held over February 8, 11, and 14, 2008, considering the Project bills on First Reading.

Each memorandum was addressed to the other members of the MCC. Each memorandum contained a description of the proposed action, the intent and reasoning behind the proposed action, and, where a motion to amend a bill was proposed, the language sought to be deleted or added. Although each memorandum closed with a request for "favorable consideration" of its contents and stated that questions could be directed to the writer or committee staff, the circuit court found, and Appellants do not challenge the finding, that there was no evidence of any discussion or interaction between the members, outside of a public meeting, regarding the memoranda. None of the memoranda solicited a vote or a commitment on the subject matters in the memoranda. All memoranda indicated that a copy had been provided to the County Clerk, Director of Counsel Services, the Planning Director, and the Corporation Counsel.[8] Finally, a review of the "minutes"[9] of the February 8, 2008 meeting, reveals that the various authors of the memoranda referred, sometimes extensively, to the same in their deliberations at the public meeting. At a minimum, the motions proposed in the memoranda were repeated in the public hearing.

Appellants claim that the distribution of these memoranda exceeded the Sunshine Law's allowance for interaction between board members. While we are mindful that the policy behind Chapter 92 is that the "formation and conduct of public

---

[8] The County Clerk is authorized by the Maui County Charter to, *inter alia*, "Take charge of, safely keep and dispose of all books, papers and records which may properly be filed in the clerks office and keep in separate files all bills, ordinances, resolutions and rules and cumulative indices of the same." Charter of the County of Maui Charter § 5-3.2 (2003). By Maui Council Rule, the County Clerk is also responsible for "all records of the Council, including the journal and be responsible for the same; the journal of the Council shall consist of the minutes of the Council, communications, and other business matters transmitted to the Council." Maui Rules of the Council Rule 6(B)7 (2011).

[9] Although entitled "Minutes of the Council of the County of Maui", it appears that the document is a verbatim transcript of the proceedings conducted on February 8, 11 and 14, 2008.

policy - the discussions, deliberations, decisions, and action of governmental agencies - shall be conducted as openly as possible" and to that end, provisions requiring open meetings shall be liberally construed and provisions for exceptions to open meetings shall be strictly construed, HRS § 92-1 (1993), we conclude that the provisions of the Sunshine Law do not prohibit the distribution of memoranda challenged here.  HRS § 92-2.5 allows two board members to privately discuss official board matters in two-way, face-to-face communications, as long as the members do not seek voting commitments.[10]  Such discussions and interactions are not considered meetings[11] for Sunshine Law purposes.  See HRS § 92-2.5(f).  As this type of two-way communication is permitted under the statute, one-way communication that also does not involve securing commitments or votes of other members and is treated and disclosed to the public as was done here appears likewise to be within the scope of permissible communications.

Appellants interpret HRS § 92-2.5 to mean that "communications, interactions, discussions, investigations and presentations **not** described in section 2.5 are meetings for purposes of the statute."  Neither the statute's plain language nor the authority cited by Appellants support their interpretation.

---

[10]  In relevant part, HRS § 92-2.5 states:

> **§92-2.5 Permitted interactions of members.**  (a)  Two members of a board may discuss between themselves matters relating to official board business to enable them to perform their duties faithfully, as long as no commitment to vote is made or sought and the two members do not constitute a quorum of their board.
>
> . . . .
>
> (f) Communications, interactions, discussions, investigations, and presentations described in this section are not meetings for purposes of this part.

[11]  We also note that no party claims that the provision governing "Exceptions," governing when meetings may be closed to the public, HRS § 92-5 (1993 and Supp. 2011), applies.

A "meeting" is defined as "the convening of a board for which a quorum is required in order to make a decision or to deliberate toward a decision upon a matter over which the board has supervision, control, jurisdiction or advisory power." HRS § 92-2(3) (1993). Appellants do not argue that these memoranda were distributed for the purpose of evading the Sunshine Law nor do they contest the circuit court's finding that no "discussions or interactions of any sort" regarding these memoranda occurred between members of the MCC outside of the public meeting. The memoranda were distributed before and during the relatively short periods of recess between the sessions conducted on February 8, 11, and 14, 2008, were provided to, *inter alia*, the County Clerk, and were openly referred to during the Council sessions. Plaintiffs do not allege they were prevented from viewing or commenting upon these memoranda either at the public hearing or by way of the County Clerk's Office. On this record, we cannot say the circuit court erred in concluding that these informational memoranda "were not 'discussions, communications or interactions' between Council members" prohibited under Hawai'i's Sunshine Law and we are convinced, based on a review of this record, that the distribution of these memoranda did not violate the purpose or the spirit of the Sunshine Law.

As their fourth point on appeal, Appellants contend that the MCC violated the Sunshine Law when, on February 14, 2008, it voted to reconsider matters considered on February 11, 2008. They allege this violated the public notice requirements of HRS § 92-7(a). That provision

> requires that an agenda list each item the public body
> intends to consider with sufficient detail and specificity
> to allow a member of the public to understand what the board
> intends to consider at the meeting and to decide whether to
> attend and to participate through oral or written testimony.

However, the continued meetings of February 11 through 14, 2008 were for the purpose of discussing the same proposals. Once the testimony had been presented on February 8, and the taking of oral testimony had been closed and deliberations began,

the MCC was not required to take additional testimony from the public.  See, Office of Information Practices Opinion Letter. No. 01-06, 2001 WL 1876821, at *8 (Dec. 31, 2001).

Moreover, the public had the opportunity to testify on these matters at the second reading of the Wailea 670 bills held on March 18, 2008.  Notably, while three Appellants appeared to testify at the March 18, 2008 second reading, they raised no concerns regarding changed conditions resulting from reconsidered matters between the February 11 and 14, 2008 continued deliberations.  The circuit court did not err in concluding the MCC did not violate the Sunshine Law by reconsidering Project proposals during the February 8-14, 2008 meeting.

Therefore, the January 22, 2009 Judgment entered by the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2012.


On the briefs:


Lance D. Collins,
for Plantiffs-Appellants.

*Craig H. Nakamura*

Chief Judge


Mary Blaine Johnston,
Deputy Corporation Counsel,
County of Maui,
for Defendants-Appellees Maui
County Council and County of
Maui.

*Alexa Fujise*

Associate Judge


William C. McCorriston and
Jonathan Steiner
(McCorriston Miller Mukai
MacKinnon),
for Defendant-
Intervenor/Appellee Honua'ula
Partners LLC.